SCHMIDT vs. HOYT.

An unregistered mortgage has still (since the R. S.) a preference over a
docketted judgment.

*June* 10,
1833.

*Unregistered
mortgaged and
judgment.
Priority.*

FORECLOSURE bill; and the question was upon the priority
of a judgment.   The mortgage had been given for part of the
purchase money, and was so expressed on its face : but the
mortgagee failed to record it until the thirteenth day of Feb-
ruary one thousand eight hundred and thirty two, prior
to which time the judgment had been docketted against the
mortgagor.   The property embraced by the mortgage was
leasehold.   It had been sold under a decretal order ; and the
money paid into court.

Mr. *H. M. Western*, for the complainant.

Mr. *A. Williams*, for the judgment-creditor,

The VICE-CHANCELLOR.   A judgment is now a lien upon
chattles real or leasehold estate, from the time of its being dock-
etted : 2 *R. S.* 359, § 3.   *Ib.* 360, § 12.   In this respect the
law is altered.   Formerly, an execution was necessary to
bind this species of property.   Yet, it makes no difference in
regard to the present question.   An unregistered mortgage,
always had a preference over a subsequent docketted judg-
ment: *Jackson* v. *Dubois*, 4 *J. R.* 216.   Although mortgages
are put upon the same footing as all other conveyances of real
estate with respect to the necessity of recording them, yet they
are valid, without being recorded, for all purposes, except that

of preserving their liens against *bona fide* purchasers and their priority over subsequent mortgages. The statute only declares that, " every conveyance" (which includes mortgages) " of real estate, within this state, hereafter made, shall be recorded in the office of the clerk of the county where such real estate shall be situated; and every such conveyance not so recorded, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded : 1 *R. S.* 756. § 1." A judgment creditor is not embraced in the word " purchaser :" *Ib.* 762. § 37. The rule, therefore, is still the same as was laid down in the case of *Jackson* v. *Dubois.*

It is unnecessary to consider, whether the circumstance of the mortgage being given for a part of the purchase money is entitled to any weight. I apprehend it has not. It certainly is not a case within the statute, which declares that a mortgage given to secure purchase money shall be preferred to a previous judgment obtained against a purchaser : 1 *R. S.* 749. § 5. Here, the judgment was obtained after the purchase and the giving of the mortgage, but prior to *its being* recorded. The equitable lien for the purchase money was merged in the mortgage ; and the complainant is now confined to his remedy and to the rights which this gives to him : but, in my opinion, he is entitled to a priority of payment out of the mortgaged premises. Decree accordingly.